IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

V.M. AND K.M., INDIVIDUALLY AND
AS PARENTS AND NEXT FRIENDS OF
D.M., A MINOR                                                                                       PLAINTIFFS

VS.                           CASE NO. 3:05CV00232 JMM

BROOKLAND SCHOOL DISTRICT                                                        DEFENDANT

ORDER

Pending before the Court are the parties cross-motions for summary judgment. For the reasons stated below, plaintiffs' motions (#24, #25, #26) are granted in part and denied in part, and defendant's motions (#27, #28) are denied.

Plaintiffs brought this action pursuant to the Individuals With Disabilities Education Act ("IDEA") seeking $11,109.92 in costs and attorney's fees incurred in an underlying administrative proceeding in which they claim to be the prevailing parties as defined under 20 U.S.C. § 1415(I). Plaintiffs also seek an award of attorney's fees and costs for the instant action. Defendant contends that plaintiffs were not the prevailing party because they accepted an offer of settlement, and pursuant to 20 U.S.C. § 1415(i)(3)(D)(I) attorney's fees may not be awarded subsequent to any offer of settlement made more than ten days before a hearing.

I. *Facts*

Plaintiffs are the parents of D.M. who has been diagnosed with Autism and is disabled as defined by the IDEA. D.M. resides within the Brookland School district. Plaintiffs filed a due process hearing request under the IDEA with the Arkansas Department of Education on August

30, 2004, seeking the following relief:

>1. Development of an appropriate educational program for this child that meets the child's individual behavioral, communication and other educational needs.
>
>2. Development of this program should include the assistance of personnel or consultants with specific knowledge or expertise in addressing the individual behavioral and communication needs of a child with Autism such as the child, to: a) assist the District and parents in developing an appropriate educational program for the child, b) adequate training for personnel who will be implementing this child's education program at school, and c) parent training for the parents so the child can have continuity in behavioral and communications training at home and at school.
>
>3. Placement in the least restrictive environment.
>
>4. Compensatory educational services or reimbursement to address the child's past denials of FAPE.

(Pl. Ex. 1).

The district made a general offer of settlement more than ten days before the hearing which stated that:

>a. An IEP conference would be held promptly with special education services to begin immediately.
>
>b. The child will be provided with services as determined by the IRP committee which will include the parents and all appropriate school personnel. It is anticipated that services will include speech therapy, occupational therapy physical therapy, transportation, assistive communication technology and extended year services.
>
>c. The child will be placed initially in a self contained 1:6 classroom with an aide with pull out for agreed upon activities with age appropriate peers.
>
>d. A functional behavior assessment will be completed promptly and used for further IEP development.
>
>e. Goals and services will be developed by the IEP committee which will consider all available evidence related to the child including any information supplied by the parent.

(Def. Ans. Ex. C)

Plaintiffs and defendant began negotiations regarding the defendant's offer. On September 21, 2004, the hearing officer granted a continuance until September 27, 2004 to allow time for the plaintiffs to obtain records from the district for use by plaintiffs' consultant. The records were subsequently provided and plaintiffs' consultant recommended that the district obtain the services of an ABA trained consultant.

The negotiated settlement agreement was presented to the hearing officer as a Consent Order which was incorporated into the hearing officer's decision. The hearing officer's decision contained the following terms:

> 1. The District is hereby ordered to immediately but no later than Oct. 11, 2004, complete a referral of the student to Maureen Bradshaw and the Arkansas Behavioral Consultant Network, supplying a copy of all exhibits prepared for the hearing and the HO's final decision and order in this matter, with the referral application requesting the services of a consultant or consultants with training and experience with Applied Behavioral Analysis.
>
> 2. The District is hereby ordered to employ the services of the consultant or consultants recommended by Maureen Bradshaw to assist with:
>
>> A. Behavioral [and] communication assessments and in determining what other assessments or evaluations may be needed to supply the IEP team with current information on the Students's educational needs.
>>
>> B. Developing appropriate programming for the Student, including IEP development; related services and educational placement for the Student;
>>
>> C. Training of District personnel, including teachers aides and therapists;

3

      D. Training of Parents;

      E. Implementation of programming and

      F. Monitoring and evaluation of program implementation.

3. The consultant or consultants shall serve as IEP team members until such time as the IEP team including the parents agree to the contract and shall assist and items A through F as set forth above during that time.  The consultant will speak with any expert designated by either the District or Parents in order to secure additional information about the Student prior to any EIP conference which will include the Parents' current consultant.

4. The District will conduct an IEP meeting promptly after the consultant or consultants complete their behavioral and communication assessments, but no later than Nov. 8, 2004, to develop the IEP which is to include related services supports for District personnel, and to determine how best to acclimate the student in returning to the school setting.  In addition to considering new information for IEP development the team should examine the student's previous IEP's, annual reviews, Brigance results and other information for the purpose of getting a historical picture of all aspects of programming and placement.  The consultant or consultants will outline for the team the type placement that would be appropriate.

5. The District is hereby ordered to provide extended school year (ESY) services for a minimum of ten weeks during the summer 2005 and minimum of ten weeks during the summer of 2006.  The determination as to content and terms of implementation of an ESY services should be made at an IEP meeting in consultation with the consultant or consultants.

6. The District is hereby ordered to provide the services as determined by the IEP committee.  The parents shall send the student to school in compliance with the IEP developed and the acclimation plan mentioned about unless the Parents elect to contest the IEP within two weeks at a due process hearing.

7. The District is responsible for submitting a Hearing Decision status report to the Special Education Unit, Arkansas Department of Education, on or before Oct. 29, 2004.   The Status Report Form

4

>   will be sent to the District along with the Decision b the
>   Department.  Subsequent Reports will be submitting every thirty
>   calendar days until it has been determined by the Special Education
>   Unit that the District has complied with the directives of the
>   Hearing Officer.

(Pl. Com. Attachment 1).

The hearing officer's Decision and Order is an order enforceable by the Arkansas Department of Education.

II.  *Analysis*

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir.1987); Fed.R.Civ.P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

>   The inquiry is the threshold inquiry of determining whether there is a need for
>   trial-whether, in other words, there are genuine factual issues that properly can be
>   resolved only by a finder of fact because they may reasonably be resolved in favor
>   of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

>   [T]he burden on the moving party for summary judgment is only to demonstrate,
>   i.e., '[to] point out to the District Court,' that the record does not disclose a
>   genuine dispute on a material fact. It is enough for the movant to bring up the fact
>   that the record does not contain such an issue and to identify that part of the

>record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

Id. at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson,* 477 U.S. at 248.

The IDEA provides that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). "A litigant is a 'prevailing party' if he obtains 'actual relief on the merits of his claim that materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.' " *Birmingham v. Omaha Sch. Dist.*, 298 F.3d 731, 734 (8th Cir. 2002) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992)) (alterations omitted).

Here, the final order of the hearing officer contained provisions requiring (1) the retention of a consultant trained in Applied Behavioral Analysis; and (2) designated specific terms for the extended year services. These provisions were not contained in the offer or the subsequent amended offers. Moreover, the hearing officer incorporated the final consent order into his final decision making it an enforceable judgment.

In *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05, 121 S.Ct. 1835, 1840-41, 149 L.Ed.2d 855 (2001) the Supreme Court "specified that a judgment on the merits or a "settlement agreement[] enforced through a consent decree is

sufficient to meet" the standard of a legal change. *Christina A. Ex rel. Jennifer A. V. Bloomberg*, 315 F.3d 990, 992 (8th Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U. S. at 603-04, 121 S.Ct. 1835).

Based upon the holding in *Buckhannon* and the additional terms of the final order, the Court finds that plaintiffs are the prevailing parties, and entitled to costs and attorney's fees. *See Id.* at 604-05 ("prevailing party" is one where there has been a judicial imprimatur on an enforceable judgment or consent order).

Defendant does not disagree with plaintiffs' counsel's hourly rate, but does contest counsel's calculations as to the amount of time she is spent on this case. The Court has reviewed the documentation supporting plaintiffs' request which is attached to the original complaint, and finds the amount of time spent by plaintiffs' counsel to be reasonable. There is no objection to the costs requested, and the Court finds that they are reasonable.

Plaintiffs' request for attorney's fees in the instant case is denied. Under the IDEA, an award of attorney's fees to the prevailing party is discretionary. 20 U.S.C. § 1415(i)(3)(B)(i)(I). Clearly, plaintiffs are the prevailing party in the instant action. However, the position taken by defendant which resulted in this lawsuit was not unreasonable and, while not correct, it was based upon a legitimate legal theory.

III. *Conclusion*

Judgment should, and will be, entered against defendant in favor of plaintiffs in the amount of $11,109.92.

IT IS SO ORDERED THIS  6  day of   May  , 2008.

_____
James M. Moody
United States District Judge